UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CR No. 07-122 ML |
| DOMINGO ENRIQUE LORENZO-FERRERA | : | |

MOTION TO SUPPRESS

NOW comes the defendant, Domingo Enrique Lorenzo-Ferrera, and moves to suppress his identification by the Bureau of Immigration and Customs Enforcement ("BICE") on the grounds that the identification was the product of a seizure of Mr. Lorenzo-Ferrera that violated the fourth amendment to the United States Constitution. The defendant seeks to suppress his identification, his finger-prints and the government's use of his "A" file, maintained by the Bureau of Immigration and Customs Enforcement. ("BICE").

DOMINGO ENRIQUE LORENZO-FERRERA,
By his attorney,

/s/ Edward C. Roy, Esquire
Edward C. Roy, Equire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281

CERTIFICATION

I hereby certify that I caused a copy of the within motion to suppress to be served on Peter Neronha, AUSA on the 24th day of October, 2007 by way of ECF case filing.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 07-122 ML

DOMINGO ENRIQUE LORENZO-FERRERA :

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO SUPPRESS

The defendant, Domingo Enrique Lorenzo-Ferrera, has moved to suppress his identification by the Bureau of Immigration and Customs Enforcement ("BICE") on the grounds that the identification was the product of a seizure of Mr. Lorenzo-Ferrera that violated the fourth amendment to the United States Constitution. Mr. Lorenzo-Ferrera seeks the suppression of his identification, his fingerprints and the use by the government of his "A" file, maintained by the Bureau of Immigration and Customs Enforcement ("BICE").

1. Factual Background

The facts underlying the claims made in this motion are derived from a report produced by the government in discovery. (The report, consisting of five (5) pages is attached hereto as Exhibit A.)

The defendant's arrest by members of the HIDTA task force was based on a car stop made by the task force at approximately 2:00 p.m. on August 6, 2007. The narrative of the report is completely silent as to the reason for the car stop. The report does not contain any report of motor vehicle violations by the operator of the vehicle.

Law enforcement focus on Mr. Lorenzo-Ferrera on the date in question, August 6, 2007, appears to result from information provided by a first time confidential source, listed as Source One in the report.

On August 5, 2007, Source One stated that a male had returned from New York to Providence with 5 kilograms of cocaine. The source further stated that the cocaine was being stored at 174 Linwood Avenue in Providence, Rhode Island.

The next day, the HIDTA task force conducted a surveillance of the 174 Linwood Avenue location, beginning at 11:00 a.m.. Detective Moynihan observed " a short, bald heavy set hispanic male exit the left side first floor apartment of 174 Linwood Avenue, Providence, RI." The hispanic male later "entered the passenger side door of a grey Ford Taurus, bearing Rhode Island registration 712-797." The older hispanic male and the driver exited the vehicle and entered

"the same left first floor apartment at 174 Linwood Avenue . . ."

The detectives later saw "the two same individuals exit the same apartment and enter back into the grey Ford Taurus." Curiously, neither man appeared to be carrying any bags consistent with transporting cocaine. The task force followed the vehicle and stopped it on Atwells Avenue in Providence. Upon the vehicle being stopped, Mr. Lorenzo-Ferrera was asked to identify himself and provided a false identity - Feliz Lorenzo. He was later turned over to the Bureau of Customs and Immigration Enforcement ("BICE") and positively identified as Domingo Enrique Lorenzo-Ferrera, a Dominical national who had previously been deported.

2. Argument

A. This Court Should Suppress Mr. Lorenzo-Ferrera's Identification As The "Fruit Of The Poisonous Tree" As There Existed No Reasonable Suspicion To Stop The Vehicle In Which He Was A Passenger.

Clearly, as the passenger in a motor vehicle that was stopped by law enforcement, Mr. Lorenzo-Ferrera is protected by the fourth amendment. Brendlin v. California, __ U.S. __, 127 S. Ct. 2400, 168 L. Ed. 2d 132. At the point in time that the vehicle was stopped by the members of the HIDTA task force, Mr. Lorenzo-Ferrera was seized for fourth amendment purposes. It follows, therefore, that some recognized justification for the car stop must be articulated by the

government in order to justify the stop of the vehicle and the seizure of Mr. Lorenzo-Ferrera's body.

In this case, based on what is contained in the police report referred to above, there existed neither probable cause nor reasonable suspicion to stop the vehicle in which Mr. Lorenzo-Ferrera was a passenger. The police stopped the vehicle based on an unsubstantiated "hunch", an action that is prohibited by the fourth amendment.

B. Reasonable Suspicion

In order to justify a motor vehicle stop based on reasonable suspicion, police officers must show that the "seizure" is based on observation that some criminal activity "may be afoot". United States v. Sokolow, 490 U.S. 1, 7 (1989). *See also* United States v. Cortez, 449 U.S. 411, 417 (1981) ("An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity"); United States v. Espinoza, 490 F. 3d 41 ( 1st Cir. 2007) (Affirming suppression by district court of motor vehicle stop made with less than reasonable suspicion).

Without question, court must look at the " totality of the circumstances" for an indication that law enforcement officers based the seizure on a "particularized and objective basis". Id. at 417-418. It follows logically that the law enforcement

officers must have some particularized suspicion based on the actions of the vehicle to justify a stop. *See* United States v. Arvizu, 534 U.S. 266, 277-78 (2002). *See also* Florida v. Bostick, 501 U.S. 429, 439 (1991). United States v. Espinoza, *supra*, at 490 F. 3d, at 46.

In Arvizu, the Supreme Court reversed a decision Ninth Circuit Court of Appeals that over-turned a district court finding that reasonable suspicion existed to stop a marijuana-laden minivan in Arizona. In Arvizu, the Supreme Court reaffirmed the use of the "totality of the circumstances" test for evaluating whether or not reasonable suspicion exists to justify a motor vehicle stop. Id., at 273. (citing United States v. Cortez, 449 U.S. 411, 417-418 (1981) ).

In contract to Arvizu, where the vehicle stop was based on the officer's experience, the presence of the vehicle in an area frequented by smugglers and the "unusual actions" of the driver and passengers,[1] the seizure here was based on no objective facts.

Although the police had information that "an older Dominican male" was living at the "first floor left apartment of 174 Linwood Avenue in the City of Providence was distributing kilogram quantities of cocaine in the Providence, RI

---

[1] 534 U.S., at 277.

area" that information is deficient for several reasons. Despite allegedly knowing the "older Dominican male's" address, no name was given. The report is devoid of any basis, other than "rumor", for the source's knowledge. Other than the presence of Mr. Lorenzo-Ferrera in the Ford Taurus, there is no connection between this information/rumor and the stop of the vehicle.

Simply stated, the fact that an informant provides intelligence to law enforcement that a deported alien is engaged in drug dealing does not, in and of itself, provide a constitutionally sufficient basis to stop and seize a vehicle in which the purported alien is a passenger. The HIDTA officers lacked information that the passenger was in fact a specific, deported alien. Further, they lacked any evidence of any other criminal activity. Simply stated, the officers acted on a "hunch", an action prohibited by Terry v. Ohio, 392 U.S. 1, 27 (1968).

### C. Because The Defendant's Seizure Was Without Reasonable Suspicion, His Identification Should Be Suppressed.

As a result of the fact that the law enforcement officers lacked reasonable suspicion to seize the vehicle in which Mr. Lorenzo-Ferrera was a passenger, all fruits of the illegal seizure, including his identification by way of fingerprint analysis, must be suppressed. In facts similar to those in this case, several courts have suppressed the identification of illegal aliens where no fourth amendment

justification existed for the intitial seizure. See United States v. Olivares-Rangel, 458 F. 3d 1104 (10th Cir. 2006) (Affirming suppression of oral statements but remanding for further hearing on suppression of fingerprints and INS file); United States v. Ortiz-Hernandez, 427 F. 3d 567 (9th Cir. 2005) (Affirming suppression order, but reversing, remanding for hearing based on denial of government request to compel additional set of fingerprint exemplars). United States v. Flores-Sandoval, 422 F. 3d 711 (8th Cir. 2005) (Affirming district court suppression of identification information of illegal alien); United States v. Juarez-Torres, 441 F. Supp. 2d 1108 (D. NM 2006) (Suppressing identification information of illegal alien and denying government motion for fingerprint exemplars).

The defendant anticipates that the government will argue that the argument made by Mr. Lorenzo-Ferrera is foreclosed by I.N.S. v. Lopez-Mendoza, 468 U.S. 1032 (1984), where the Supreme Court, in a context limited to administrative proceedings, held that the identity of an illegal alien may never be suppressed. That decision is not controlling in the context of a criminal case such as the instant case.

In this case, however, the defendant contends that the decision of Wong Sun v. United States, 371 U.S. 471 (1963) applies and requires suppression of all

identification information seized as a result of the defendant's illegal seizure.

As a practical matter, the defendant's identification resulted directly from the unconstitutional seizure. This inextricable link between the illegal seizure and the evidence sought to be suppressed, in this case, the defendant's identity, finger-prints and "A" file, is exactly the type of scenario envisioned by the Supreme Court in Wong Sun, *supra*. *See* Wong Sun, 371 U.S. at 484.

In this case, the government learned of Mr. Lorenzo-Ferrera's identity through the illegal seizure. Although his "A" file clearly existed, the linkage between the defendant and the file, Mr. Lorenzo-Ferrera's identity, came into the government's possession as a result of the illegal car stop.

C. Conclusion

For the reasons set forth herein, the defendant respectfully requests that the Court order the suppression of his identification, his fingerprints and the use by the government of his "A" file, the file maintained by the Bureau of Immigration and Customs Enforcement ("BICE").

DOMINGO ENRIQUE LORENZO-FERRERA,
By his attorney,

/s/ Edward C. Roy, Esquire
Edward C. Roy, Equire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281

CERTIFICATION

I hereby certify that I caused a copy of the within motion to suppress to be served on Peter Neronha, AUSA on the 23rd day of October, 2007.

/s/ Edward C. Roy, Esquire