1 of 1 DOCUMENT

UNITED STATES CODE SERVICE
Copyright © 2008 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH P.L. 110-198, APPROVED 3/24/2008 ***

TITLE 18. CRIMES AND CRIMINAL PROCEDURE
SENTENCING GUIDELINES FOR THE UNITED STATES COURTS. 18 USCS APPENDIX
APPENDIX C--AMENDMENTS TO THE GUIDELINES MANUAL

**Go to the United States Code Service Archive Directory**

18 USCS Appx C, Amend 632

Amendment 632.

Chapter Two, Part L, Subpart 1 is amended by striking § 2L1.2 and its accompanying commentary as follows:
"§ 2L1.2. Unlawfully Entering or Remaining in the United States

(a)

Base Offense Level: 8

(b)

Specific Offense Characteristic

(1)

If the defendant previously was deported after a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction, increase as follows (if more than one applies, use the greater):

(A)

If the conviction was for an aggravated felony, increase by 16 levels.

(B)

If the conviction was for (i) any other felony, or (ii) three or more misdemeanor crimes of violence or misdemeanor controlled substance offenses, increase by 4 levels.

Commentary

Statutory Provisions: 8 U.S.C. § 1325(a) (second or subsequent offense only), 8 U.S.C. § 1326. For additional statutory provision(s), see Appendix A (Statutory Index).

Application Notes:

1.

For purposes of this guideline--

'Deported after a conviction,' means that the deportation was subsequent to the conviction, whether or not the deportation was in response to such conviction. An alien has previously been 'deported' if he or she has been removed or has departed the United States while an order of exclusion, deportation, or removal was outstanding.

'Remained in the United States following a removal order issued after a conviction,' means that the removal order was subsequent to the conviction, whether or not the removal order was in response to such conviction.

'Aggravated felony,' is defined at 8 U.S.C. § 1101(a)(43) without regard to the date of conviction of the aggravated felony.

'Crime of violence' and 'controlled substance offense' are defined in § 4B1.2. For purposes of subsection (b)(1)(B), "crime of violence" includes offenses punishable by imprisonment for a term of one year or less.

'Firearms offense' means any offense covered by Chapter Two, Part K, Subpart 2, or any similar offense under state or local law.

'Felony offense' means any federal, state, or local offense punishable by imprisonment for a term exceeding one year.

2.

This guideline applies only to felonies. A first offense under 8 U.S.C. § 1325(a) is a Class B misdemeanor for which no guideline has been promulgated. A prior sentence for such offense, however, is to be considered under the provisions of Chapter Four, Part A (Criminal History).

3.

In the case of a defendant with repeated prior instances of deportation, an upward departure may be warranted. See § 4A1.3 (Adequacy of Criminal History Category).

4.

An adjustment under subsection (b) for a prior felony conviction applies in addition to any criminal history points added for such conviction in Chapter Four, Part A (Criminal History).

5.

Aggravated felonies that trigger the adjustment from subsection (b)(1)(A) vary widely. If subsection (b)(1)(A) applies, and (A) the defendant has previously been convicted of only one felony offense; (B) such offense was not a crime of violence or firearms offense; and (C) the term of imprisonment imposed for such offense did not exceed one year, a downward departure may be warranted based on the seriousness of the aggravated felony.".

A replacement guideline is inserted as § 2L1.2 (Unlawfully Entering or Remaining in the United States).

**Reason for Amendment:** This amendment responds to concerns raised by a number of judges, probation officers, and defense attorneys, particularly in districts along the southwest border between the United States and Mexico, that § 2L1.2 (Unlawfully Entering or Remaining in the United States) sometimes results in disproportionate penalties because of the 16-level enhancement provided in the guideline for a prior conviction for an aggravated felony. The disproportionate penalties result because the breadth of the definition of "aggravated felony" provided in 8 U.S.C. § 1101(a)(43), which is incorporated into the guideline by reference, means that a defendant who previously was convicted of murder, for example, receives the same 16-level enhancement as a defendant previously convicted of simple assault. The Commission also observed that the criminal justice system has been addressing this inequity on an ad hoc basis in such cases by increased use of departures.

This amendment responds to these concerns by providing a more graduated sentencing enhancement of between 8 levels and 16 levels, depending on the seriousness of the prior aggravated felony and the dangerousness of the defendant. In doing so, the Commission determined that the 16-level enhancement is warranted if the defendant previously was deported, or unlawfully remained in the United States, after a conviction for certain serious offenses, specifically, a drug trafficking offense for which the sentence imposed exceeded 13 months, a felony that is a crime of violence, a felony that is a firearms offense, a felony that is a national security or terrorism offense, a felony that is a human trafficking offense, and a felony that is an alien smuggling offense committed for profit. Other felony drug trafficking offenses will receive a 12-level enhancement. All other aggravated felony offenses will receive an 8-level enhancement.

This amendment also deletes an application note providing that a downward departure may be warranted based on the seriousness of the offense if the 16-level enhancement applied and (1) the defendant has previously been convicted of only one felony offense; (2) such offense was not a crime of violence or firearms offense; and (3) the term of imprisonment for such offenses did not exceed one year. The Commission determined that the graduation of the 16-level enhancement based on the seriousness of the prior conviction negated the need for this departure provision. As a result, this amendment may have the indirect result of reducing the departure rate for cases sentenced under § 2L1.2. In addition, this amendment renders moot a circuit conflict regarding whether the three criteria set forth in the application note are the exclusive basis for a downward departure from the 16-level enhancement. Compare *United States v. Sanchez-Rodriguez,* 161 F.3d 556 (9th Cir. 1998) (holding that Application Note 5 to § 2L1.2 does not limit the circumstances under which a downward departure from the 16-level enhancement is warranted); and *United States v. Alfaro-Zayas,* 196 F.3d 1338 (11th Cir. 1999) (same), with *United States v. Tappin,* 205 F.3d 536 (2d Cir. 2000) (holding that a defendant must satisfy all three criteria set forth in Application Note 5 in § 2L1.2 to receive a downward departure from the 16-level enhancement).

This amendment also makes a number of other minor changes to § 2L1.2, to provide guidance regarding the application of the enhancement for the commission of three or more prior misdemeanors and to provide definitions for terms used in the guideline.

**Effective Date: The effective date of this amendment is November 1, 2001.**