for what the Commission described as "a more graduated sentencing enhancement of between 8 and 16 levels",[1] the Commission did not base the amendments in any empirical data. (Copy of Amendment 632 attached as Exhibit B).

Simply stated, the 16 point offense level increase in this case results from not from the Commission's empirical analysis but from an unsupported determination that 16 levels is the appropriate increase for defendants like Mr. Lorenzo-Ferrera. As a result, under Kimbrough v. United States, s*upra*, and 18 U.S.C. § 3553(a), this court may make a variance from the sentence called for by the Guidelines based on the harshness of the sentence.

**2. Consideration of 18 U.S.C. § 3553(a) weighs in favor of a sentence that varies from the guidelines.**

**A) Defendant's history and characteristics**.

Mr. Lorenzo-Ferrera re-entered the United States to assist in the care of his ailing mother. This fact was confirmed by the Pre-Sentence Report. See PSR at ¶ ¶ 34, 41. In an effort to provide the court with more details concerning the motivation for Mr. Lorenzo-Ferrera's re-entry to the United States, defense counsel obtained a letter from his family. The letter is attached as Exhibit C. This letter describes in detail while Mr. Lorenzo-Ferrera returned to the United States. Since his return, he has no arrests other than the arrest in the instant case.

**B) Seriousness of the offense**, **need for deterrence**

Defense counsel acknowledges that the crime of illegal re-entry is a serious crime. The United States has a strong interest in protecting its borders. The imposition of some term of imprisonment is sufficient to serve to deter the defendant, and others, from committing the crime

[1] U.S.S.G. Append. C, Amend. 632 (2001).