**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CR No. 07-122ML** |
| **DOMINGO ENRIQUE LORENZO-FERRERA** | : | |

**GOVERNMENT'S RESPONSE**
**TO DEFENDANT'S SENTENCING MEORANDUM**

Having pled guilty to being an alien and aggravated felon illegally in the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2), the defendant now seeks a sentence well below the advisory Sentencing Guideline range of 41 to 51 months. The defendant argues that a sentence of just eighteen months imprisonment "would be sufficient, but not greater than necessary, to accomplish the goals of sentencing." For the reasons set forth below, the government disagrees.

## I. KIMBROUGH DOES NOTHING TO ALTER THE SENTENCING ANALYSIS HERE.

Defendant's first argument for a dramatically lower sentence can only be described as a curious one. He argues that under the Supreme Court's decision in Kimbrough v. United States, 128 S. Ct. 558 (2007), this Court "may make a variance from the sentence called for by the Guidelines based on the harshness of the sentence." Yet this Court can vary from the Guidelines with or

without Kimbrough. That was the holding, of course, in United States v. Booker, 543 U.S. 220 (2005): the Sentencing Guidelines are advisory, not mandatory.

In Kimbrough, the Supreme Court was dealing with the narrow question of "whether the crack/powder disparity adopted in the United States Sentencing Guidelines has been rendered 'advisory' by our decision in Booker." 128 S. Ct. at 565-66. The government, while acknowledging that, after Booker, the Guidelines are advisory "and that, as a general matter, courts may vary from Guideline ranges based solely on policy considerations," argued that "the Guidelines adopting the 100-to-1 ratio are an exception to the general freedom that sentencing courts have to apply the 3553(a) factors." Id. at 570 (emphasis added)(internal quotation and punctuation marks omitted). The Supreme Court disagreed, holding that "under Booker, the cocaine Guidelines, like all other Guidelines, are advisory only." Id. at 564.

In reaching its decision, the Kimbrough Court noted that the drug Guidelines, unlike the rest of the Guidelines, are not based on empirical evidence, but rather are constructed around a "weight-driven scheme." Id. at 567. The defendant seizes on this language, claiming (without any support in the case law or otherwise[1]) that

[1] The government has found only one case which even references such an argument, and in that case, the argument was rejected. In United States v. Gomez-Herrera, the defendant argued in the district court, and again on appeal, that his Guidelines sentence was unreasonable because, inter alia, "the 16-level enhancement

the Guideline applicable here, § 2L1.2, which imposes a 16-level increase for illegal re-entry defendants previously convicted of drug trafficking offenses and sentenced to more than thirteen months imprisonment, is likewise unsupported by empirical evidence. Yet even if this were true, it would do nothing to help him. The import of Kimbrough would simply be that § 2L1.2, like the cocaine Guidelines, is only advisory. That, of course, is what it is anyway after Booker.

Kimbrough is not, as the defendant seems to believe, a talisman against sentences he believes are overly "harsh". Indeed, Kimbrough reaffirmed that the overall sentencing rubric remains the same: "as explained in Rita and Gall, district courts must treat the Guidelines as the 'starting point and the initial benchmark'". 128 S. Ct. at 574. District courts must then fashion a reasonable sentence, taking into account the § 3553(a) factors, including the advisory Guideline range. 128 S. Ct. at 564, 570. As set forth below, the § 3553(a) factors militate in favor of a sentence outside the advisory guideline range.

---

(contained in § 2L1.2) was adopted by the [Sentencing] Commission without empirical study." ___ F.3d ___, 2008 WL 886091, *9 (5th Cir. April 3, 2008). The Fifth Circuit noted that the district court had rejected all of the defendant's sentencing arguments, and found "no reason to disturb" the defendant's sentence. Id. at *10.

## II. THE SECTION 3553(a) FACTORS, AS APPLIED HERE, POINT TO A SENTENCE WITHIN THE ADVISORY GUIDELINE RANGE.

The § 3553(a) factors begin with the "nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1). Here, even the defendant acknowledges that "the crime of illegal re-entry is a serious crime." This is particularly true when, as here, it is committed by a person convicted of a serious drug offense: the defendant in 1987 was sentenced to fifteen years in prison on drug charges involving the distribution of over 500 grams of cocaine. Pre-Sentence Report, ¶ 28. Little more need be said on this score. There is nothing about the nature and circumstances of this offense that suggests that a sentence below the Guideline range is warranted.

Section 3553(a) next directs a sentencing court to consider the "history and characteristics of the defendant". 18 U.S.C. § 3553(a)(1). Attempting to paint a rosy picture of his character, the defendant claims he returned to the United States only to care for his ailing mother. In support of this claim, he attaches to his sentencing memorandum a letter from his family. Yet nowhere in his memorandum or in the letter are the facts which make the claim credible. When did his mother take ill? How much of the defendant's time was devoted to her care? At the time of his arrest in August of 2006, was she still in need of his care? If so, and she lives in New York, what was he doing in Rhode Island on the day of his arrest?

The defendant claims that he was employed selling shoes, earning $100 per week. Pre-Sentence Report, ¶ 41. Yet there is evidence that suggests an additional occupation. On August 6, 2007, after being detained by members of the HIDTA Task Force conducting a drug investigation (which ultimately led to the identification of the defendant as an illegal alien and the immigration charges in this case), the defendant presented officers with a false New York identification card and a fake Social Security card. Arrest Report and Narrative For Detective Matthew C. Moynihan, attached hereto as Exhibit A. Although the officers had observed the defendant enter and leave the left first floor apartment at 174 Linwood Avenue in Providence that night, the defendant told the officers that he did not live or stay there. The officers located keys in the defendant's pocket, which unlocked the door to the apartment. Id. The officers then obtained and executed a federal search warrant for the apartment. Id. In a bedroom, they recovered a Western Union receipt bearing the same false name the defendant had used when initially detained by the officers and the apartment's address. Id. The officers also found $1,030 in cash in the bedroom. Id.[2] In the apartment's kitchen, the officers recovered approximately 3.5 grams of cocaine and 15 grams of marijuana. Id.; Toxicology Report, attached hereto as

[2] Detective Moynihan's narrative incorrectly states the cash amount seized as $10,030. The correct amount is $1,030, as reflected in the Arrest Report portion of Exhibit A.

Exhibit B. Also found in the kitchen were, inter alia, a digital scale, a sifter, a box of sandwich bags, a heat sealer, and two empty bottles of cutting agent. These facts suggest that there is more to the "history and characteristics" of the defendant than a (illegal) return to the United States on a mission of mercy.

The remaining § 3553(a) factors relevant here -- the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct and to protect the public from the further crimes of the defendant also militate in favor of a Guidelines sentence. A lengthy sentence is necessary to convince this defendant and others that illegal re-entry into the United States carries real consequences, consequences that are not worth risking.

The defendant raises several factors not expressly covered by § 3553(a). One is the lack of a "fast-track" program in the District. Yet he can point to nothing which even hints that had there been such a program here, he would have benefited from or even taken advantage of such a program. Indeed, the defendant filed a Don Quixotian motion to suppress, ultimately denied, which served only to prolong the proceedings against him. And in any event, the weight of the case law holds that "because any disparity that results from fast track programs is intended by Congress, it is not 'unwarranted' within the meaning of § 3553(a)(6)." United

States v. Gomez-Herrera, ___ F.3d ___, 2008 WL 886091 at *6 (5th Cir. April 3, 2008). Accord, United States v. Martinez-Trujillo, 468 F.3d 1266, 1268-69 (10th Cir. 2006).

The defendant's remaining claim, that he, as a non-citizen, will have considerably less access to rehabilitative services, including access to educational and job training, is equally meritless. Again there is no evidence to support the defendant's claim. Furthermore, the cases cited by the defendant (in a footnote) for the proposition that non-citizens "have considerably less access to rehabilitative services" are not at all on point. They all involved a non-citizen's inability to serve his sentence in a halfway house or in home confinement, or to take advantage of early release, minimum classification and a drug program. None of these sentencing options are in play here -- the defendant's advisory range consists of years, not months.

In sum, on the facts of this particular case, a guideline sentence is the only sentence sufficient to meet the deterrence and other sentencing purposes set forth in Section 3553(a). This Court should therefore impose such a sentence.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Peter F. Neronha
PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza - 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
peter.neronha@usdoj.gov

April 11, 2008

Certificate of Service

I hereby certify that on the 11th day of April 2008, I caused a copy of the within "Government's Response to Defendant's Sentencing Memorandum" to be served by way of the Electronic Filing System on Edward C. Roy, Esq., Assistant Federal Defender, 10 Weybosset Street, 3rd Floor, Providence, RI, 02903.

/s/ Peter F. Neronha
PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza - 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
peter.neronha@usdoj.gov